# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PETER SHONEYE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 18-cv-10690-IT |
| | * | |
| MIKE WALLACE, et al., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM AND ORDER

### May 2, 2018

TALWANI, D.J.

Plaintiff Peter Shoney has filed a *pro se* Complaint [#1] concerning a motor vehicle accident. For the reasons set forth below, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

A federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction. See United States v. Univ. of Mass., Worcester, 812 F.3d 35, 44 (1st Cir. 2016). "'Federal courts are of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian of Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has given federal district courts original jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 ("federal question jurisdiction"). For purposes of federal question jurisdiction, a "suit arises under the law that creates the cause of action." Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 377 (2012) (quoting

Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). Shoneye invokes the Court's federal question jurisdiction, but has not identified any specific federal statutes, federal treaties or provisions of the United States Constitution that are at issue in this case. See Complaint [#1] at 3. Nor has the Court discerned any federal law that provides a cause of action under the alleged facts.

Shoneye is correct in not seeking to invoke subject jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332 (federal district courts may exercise diversity jurisdiction over civil actions in which the parties are citizens of separate states and the amount in controversy exceeds $75,000). The Complaint provides a Massachusetts residential address for both Shoneye and a defendant. Further, the amount in controversy does not exceed $75,000.

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Should the plaintiff seek to prosecute his claim, he must file his complaint in the appropriate state court.[1]

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

May 2, 2018

---

[1] Information concerning the Massachusetts trial courts, including the Massachusetts state district courts, may be found at www.mass.gov/courts/court-info/trial-court.